# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

HEIDI PANELLI,
d/b/a "PANELLI DESIGN,"

       Plaintiff,

v.                     **ORDER**
                     Civil File No. 10-3969 (MJD/TNL)

KOHL'S CORPORATION,
KOHL'S DEPARTMENT STORES, INC.,
KOHL'S ILLINOIS, INC.,
SEATTLE COTTON WORKS, LLC.,

       Defendants.

Edward P. Sheu and Joseph J.W. Phelps, Best & Flanagan LLP, Counsel for Plaintiff Heidi Panelli.

Robyn K. Johnson, Cousineau McGuire Chartered, Counsel for Defendants Kohl's Corporation, Kohl's Department Stores, Inc., and Kohl's Illinois, Inc.

Thomas F. DeVincke, Bonner & Borhart LLP, and Robyn K. Johnson, Cousineau McGuire Chartered, Counsel for Defendant Seattle Cotton Works, LLC.

      The above-entitled matter comes before the Court on Defendant Kohl's Department Stores, Inc.'s ("Kohl's") appeal of Magistrate Judge Tony N. Leung's September 15, 2011 Order granting in part Plaintiff's Motion to Compel

Discovery ("Order").  [Docket No. 72.]  The Court has carefully considered the entire record in this matter and concludes that oral argument is unnecessary.

A District Court will reverse a Magistrate Judge's order on a nondispositive issue only if that order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a).

Kohl's objects to part of the Order requiring Kohl's to provide Plaintiff Heidi Panelli with responses "to the topics contained in Document Request Nos. 22 through 24, 26, and 27 with all background accounting and financial data provided to generate the relevant figures for [its] SEC filings."  The referenced Document Requests relate to Kohl's profits, expenses, and overhead with respect to the alleged "Infringing Product" in this case—a t-shirt featuring the phrase "I ROCK" along with a stick figure holding a guitar—and similar products sold by Kohl's and manufactured by Defendant Seattle Cotton Works, Inc.

Kohl's asserts that the Order requires production of "all background and financial data for all sales company wide for a five year period."  The plain language of the Order, however, calls for production of a more limited set of documents.  Kohl's must produce accounting and financial data <u>relevant</u> to the profits generated by sales of the alleged Infringing Product or broader categories

2

of products if, as Kohl's avers, specific information is unavailable. As noted in the Memorandum that accompanied the Order, Kohl's must "respond to Plaintiff's request for profits and costs, expenses, and overheard for the sale, marketing, and advertising <u>of the alleged Infringing Work</u> with all background accounting and financial data provided to generate the <u>relevant</u> figures for the SEC filings." (Emphasis added.) The Order, in short, does not require Kohl's to divulge sales information about <u>all</u> of its products.

Kohl's other objections to the Order are similarly unavailing. Its concerns about protecting sensitive sales information are addressed by a protective order. [Docket No. 23.] Kohl's has also asserted that production of the figures underlying its SEC filings would be improper because the Panelli did not request such information. That argument is undermined by the fact that it was Kohl's itself that referred to the SEC filings in its responses to Panelli's inquiries about profits from sales of the alleged Infringing Product. As the Magistrate Judge noted, "it is not sufficient for Kohl's to generally refer Plaintiff to SEC financial filings."

Having examined the submissions and the record in this case, the Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. United States Magistrate Judge Tony N. Lueng's September 15, 2011 Order [Docket No. 72] is **AFFIRMED**.

2. Defendant's appeal of that order [Docket No. 74] is **DENIED**.


Dated: November 8, 2011          s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court